UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 12-CR-00332 |
| VERSUS | JUDGE FOOTE |
| YOANY QUESADA-ROMERO<br>JOSE ANTONIO ABREU-ARBOLAEZ | MAGISTRATE JUDGE HANNA |

*CONFLICT RULING AND ORDER*

Based on the dual representation of the defendants by a single attorney in the instant case, the undersigned conducted a *Garcia* hearing on February 22, 2013.  Present at the hearing were Max J. Koeck, IV, retained counsel for defendants; the defendants Yoany Quesada-Romero and Jose Antonio Abreu-Arbolaez; standby counsel from the CJA panel Randall McCann; and Interpreter Gladys Brenke. The defendants were placed under oath to respond to questions from the court.  After questioning both defendants regarding their age, education, literacy, and possible use of alcohol or drugs, the Court found both defendants to be competent.

Through the interpreter, the Court recited the charges against them and the maximum possible penalties for each one of the charges.    The Court explained to the defendants their right to have effective legal representation, which includes conflict-free counsel, and the issues raised by their retention of a single attorney to represent them both.  The defendants were provided examples of conflicts which may arise from dual representation by a single attorney, including the possibility that the attorney/client

privilege may limit communications by the attorney of information gathered from the co-defendant, possible conflicts of interest during plea negotiations and jury selection, and possible conflicts related to the decision by any defendant to testify at trial or to present evidence at trial to argue the guilt of the other defendant.  The defendants were advised that similar issues may also arise during sentencing.  Each defendant expressed his understanding regarding those potential conflicts.

The defendants were then offered the opportunity to consult privately with Mr. McCann regarding any questions or concerns they may have regarding the issues presented during the hearing.  Defendant Yoany Quesada-Romero accepted, and with only the interpreter present, consulted privately with Mr. McCann. Mr. Quesada-Romero acknowledged his questions had been answered to his satisfaction.  Defendant Jose Antonio Abreu-Arbolaez declined the offer to speak privately with Mr. McCann.  Both defendants were offered the opportunity to speak privately with the court; both declined.

Mr. Koeck was asked if he was aware of any actual conflicts related to his representation of both defendants, and he indicated that he had explained the potential conflicts to his clients but that no actual conflicts are apparent at present.  All parties were reminded that in the event an actual conflict of interest should arise in the future and before resolution of this matter, the parties should notify the court.

Each defendant was asked if he understood the concept of conflict of counsel in a dual representation.  Each declared his understanding in open court.  Both defendants

declared their respective desire to waive the potential conflict which exists based on the joint representation by Mr. Koeck and their willingness to have Mr. Koeck represent them. Each was presented with a written waiver form from the Court, and each had the document separately read to them *verbatim* by the interpreter. Both defendants acknowledged their review of the document with the interpreter, declared their understanding of the content of the document, the absence of any questions regarding the document and each confirmed his signature on the waiver document.

When faced with the possibility of a conflict, it is incumbent upon the court to ascertain whether the conflict warrants separate counsel for a criminal defendant notwithstanding the criminal defendant's right to be represented by his preferred counsel. *Wheat v. United States*, 486 U.S. 153,159-160, 108 S.Ct. 1692,1697 (1988). A district court may refuse to accept a defendant's waiver of an actual or potential conflict, because the court has "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id.,* see also *United States v. Vasquez*, 995 F.2d 40,42 (5th Cir. 1993).

The district court "must recognize a presumption in favor of [the defendant's] counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." *Wheat,* supra at 164, 108 S.Ct. at 1699, *Vasquez*, supra at 42.

4

The Court finds there is no evidence at present that an actual conflict exists. Furthermore, while there is some potential for conflict in dual representation, the Court finds there is no evidence that there is a serious potential of an actual conflict developing as this case progresses and sees no reason based on that which was presented at the hearing to discharge Mr. Loeck. In the event either defendant, defense counsel or the government should identify an actual conflict as this matter proceeds to resolution, the Court is to be immediately notified and will convene another hearing as appropriate.

As to the potential conflict, the Court finds that the defendants understand their right to conflict-free counsel and the potential for adverse consequences if they proceed with joint representation. The defendants have been made aware of the presence and availability of other counsel for consultation. See *United States v. Greig*, 967 F.2d 1018, 1022 (5th Cir.1992), citing *United States v. Casiano*, 929 F.2d 1046, 1052 (5th Cir. 1991) (explaining in simple language the requirements of *Garcia*). The defendants have, both orally and in writing, waived their right to have separate counsel and the Court finds the defendants' waivers are knowing, voluntary and valid under *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir.1975), abrogated on other grounds by *Flanagan v. United States*, 465 U.S. 259, 263 & n. 2, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). Therefore, the waivers are accepted and Mr. Koeck will remain as counsel for both defendants.

Given the foregoing:

5

**IT IS HEREBY ORDERED THAT**:

In the event any party or counsel becomes aware of an actual conflict presented by the dual representation of the defendants by the single attorney Max Koeck, IV, the Court will be so advised.

Signed in Lafayette, Louisiana, this 22nd day of February, 2013.

_____
Patrick J. Hanna
United States Magistrate Judge